UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, JOSE MORENO, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>            Plaintiffs,<br><br>    v.<br><br>ALEX PEGUES, individually; ROGER PITCHER, individually; ALEX PEGUES and ROGER PITCHER, individually and dba C&C MAINTENANCE SERVICE and C&C MAINTENANCE SERVICE,<br><br>            Defendants. | No. C-05-4307-SC<br><br><br><br>ORDER GRANTING PLAINTIFFS' MOTION <u>FOR SUMMARY JUDGMENT</u> |

## I. **INTRODUCTION**

Plaintiffs Larry Totten <u>et</u> <u>al.</u> ("Plaintiffs") filed this action against Defendants Alex Pegues, both individually and dba C&C Maintenance Service ("Defendants")[1], alleging causes of action for violations of the Employee Retirement Security Act, 29 U.S.C. § 1001 <u>et seq</u>. ("ERISA").

Presently before the Court is Plaintiffs' Motion for Summary

---

[1] Plaintiffs dismissed Roger Pitcher as a defendant. <u>See</u> Docket Nos. 15 and 16.

Judgment. Defendants have not filed an opposition, though they were served with a copy of the motion and given adequate time to respond. On three separate occasions, the Court granted Defendants' extended time to respond to Plaintiffs' motion. See Docket Nos. 37, 39, 44. The Court stated that the most recent extension order, dated November 3, 2006, was the last extension the Court would grant Defendants. See Docket No. 44. Despite this clear warning, Defendants failed to file any response.

For the reasons stated herein, the Court GRANTS Plaintiffs' Motion for Summary Judgment and AWARDS Plaintiffs damages of $28,837.49. The Court also AWARDS Plaintiffs attorneys' fees and costs, subject to the Court's review and approval of Plaintiffs' offer of proof to be submitted within 30 days of this order.

**II.   BACKGROUND**

Plaintiffs sued Defendants Alex Pegues and C&C Maintenance Service to recover delinquent contributions to several Laborers Trust Funds. See First Amended Complaint, Docket No. 4. Defendants agreed to the terms of the Collective Bargaining Agreement ("CBA") with the Northern California District Council of Laborers by signing the Letter of Understanding on March 19, 2004 and the Laborers' Master Agreement ("Master Agreement") on June 16, 2004. See Hagan Decl., Ex. A. The CBA incorporates the terms of the Master Agreement, id. at Ex. B, and the Laborers Trust Agreements, id. at Ex. C. See Hagan Decl. at ¶ 3. The Agreements require each individual employer, including Defendants, to make timely contributions at a specified rate for each hour worked by

-2-

1 each employee covered under the Agreements. See id. at Ex. B, §
2 28. The Agreements also require Defendants to report wage and
3 hour data to the Trust Funds and allow a Trust Fund Auditor to
4 review any relevant records upon request. See id. at Ex. B., § 7.
5 After an auditor finds a delinquent employer, 1.5% monthly
6 interest is added to delinquent contributions and liquidated
7 damages are assessed at $150 per month. See id. at Ex. B, § 28.

On December 14, 2004, a Field Auditor reviewed Defendants' records to determine their liability under the CBA. See Sorensen Decl. ¶ 6. At that time, Defendants failed to produce some of the required documents, but from the information available, the Field Auditor was able to determine that Defendants owed at least $29,510. See id. at ¶¶ 7-10. Subsequently, a general contractor paid $7,832.90 owed by Defendants, reducing the amount owed. See id. at ¶ 10. However, because Defendants refused to pay the delinquent contributions, liquidated damages continued to accrue. See id. At present, based on the audit, Defendants owe $18,767.78 in contributions and $10,069.71 in liquidated damages, a total of $28,837.49. Id.

## III. LEGAL STANDARD

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A genuine issue of fact exists when the non-moving party produces evidence on which a reasonable trier of

-3-

1  fact could find in its favor viewing the record as a whole in
2  light of the evidentiary burden the law places on that party.
3  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252-56 (1986).
4  Summary judgment is therefore appropriate against a party "who
5  fails to make a showing sufficient to establish the existence of
6  an element essential to the party's case, and on which that party
7  will bear the burden of proof at trial."  <u>Celotex</u>, 477 U.S. at
8  322-23.  The more implausible the claim or defense asserted by the
9  opposing party, the more persuasive its evidence must be to avoid
10 summary judgment, see <u>Matsushita Electric Industrial Co. v. Zenith</u>
11 <u>Radio Corp.</u>, 475 U.S. 574, 587 (1986), but "[t]he evidence of the
12 non-moving party is to be believed, and all justifiable inferences
13 are to be drawn in its favor."  <u>Anderson</u>, 477 U.S. at 255.

**IV.  DISCUSSION**

    **A.  Defendants' Legal Liability**

Defendants were bound by the CBA after signing the Agreements.  On behalf of C&C Maintenance Service, Defendant Alex Pegues signed the Letter of Understanding on March 19, 2004 and the Laborers' Master Agreement on June 16, 2004.  <u>See</u> Hagan Decl., Ex. A.  The Master Agreement states that its provisions remain in effect until terminated and there is no evidence that Defendants terminated the Agreement.  Thus, Defendants are still bound by the terms of the CBA.

Under ERISA, 29 U.S.C. § 1145:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the

-4-

1
2
>        extent not inconsistent with law, make such contributions in
>        accordance with the terms and conditions of such plan or such
>        agreement.

29 U.S.C. § 1145. As a signatory to the plan, Defendants have violated ERISA by failing to make the proper contributions under the Trust Agreements.

### B.  Unpaid Contributions

The clear terms of collective bargaining agreements are to be strictly construed by federal courts. See Irwin v. Carpenters Health and Welfare Trust Fund for California, 745 F.2d 553, 557 (9th Cir. 1984). Section 28A of the Master Agreement requires Defendants to "pay hourly contributions for each hour paid for and/or worked." Hagan Decl., Ex. B. Accordingly, Defendants owe Plaintiffs the hourly contributions defined by the CBA. Plaintiffs, having found that Defendants were not paying contributions to the Trust Funds, requested an audit, which was performed by the Field Auditor in December of 2004. See Sorensen Decl. Though Defendants failed to provide all the requested documentation, the Field Auditor was able to determine Defendants' liability from a binder containing copies of payroll checks and workers compensation insurance reports. See id. at ¶ 6. The Field Auditor Determined that Defendants owed $18,767.78 in contributions. See id. at ¶ 10, Ex. C.

Plaintiffs' calculation of Defendants' delinquent contributions is appropriate under Ninth Circuit law. Once the Trust Funds prove damages and Defendants' failure to keep adequate records, the burden shifts to Defendants to come forward with evidence of the work its employees actually performed. See Brick

-5-

Masons Pension Trust v. Industrial Fence & Supply, Inc., 839 F.2d 1333, 1338-39 (9th Cir. 1988). If Defendants fail to produce the appropriate documentation, Plaintiffs "are entitled as a matter of law to recover contributions for all hours worked by these [employees] during the [period] in which they were shown to have performed some covered work for [Defendants]." Id. at 1339. The documents used by the Field Auditor satisfy Plaintiffs' burden. See Sorensen Decl. Defendants have failed to satisfy their burden to show that Plaintiffs' calculations or documents are incorrect. At one point, Defendant Alex Pegues claimed that the relevant employees were not his, but this claim is undermined by the fact that they are listed in his payroll records. See id. at ¶ 7-8, Ex. C. Thus, the Court finds that Defendants are liable for $18,767.78 in unpaid contributions.

**C.   Liquidated Damages**

Under the Trust Agreements, employers who fail to pay contributions are liable for liquidated damages. See Hagan Decl., Ex. B at § 7C. Liquidated damages include 1.5% monthly interest on unpaid contributions and $150 per month for internal administrative costs. Id. at § 7D, 7E. Under § 502(g)(2) of ERISA, the Trust Funds are entitled to interest and liquidated damages. See 29 U.S.C. § 1132(g)(2). Plaintiffs are entitled to liquidated damages when: "(1) the fiduciary obtains a judgment in favor of the plan, (2) unpaid contributions exist at the time of suit, and (3) the plan provides for liquidated damages." Idaho Plumbers and Pipefitters Health and Welfare Fund v. United Mechanical Contractors, Inc., 875 F.2d 212, 215 (9th Cir. 1989).

-6-

In this case, Plaintiffs have satisfied all three parts of the test: they are entitled to judgment, they have shown the existence of unpaid contributions, and the plan provides for liquidated damages. Thus, Plaintiffs are entitled to liquidated damages and interest of $10,069.71. See Sorensen Decl., ¶ 10, Ex. C.

### D. Attorneys' Fees and Costs

The Trust Agreements contain a provision for recovery of attorneys' fees and costs in the event an individual employer defaults on contributions. See Hagan Decl., Ex. C, 11. In addition, ERISA § 502(g)(2) authorizes Plaintiffs' recovery of attorneys' fees and costs. See 29 U.S.C. § 1132(g)(2)(D). The Court finds that Plaintiffs are entitled to attorneys' fees and costs under the CBA. Plaintiffs are ordered to file supplemental declarations indicating the amounts requested and the underlying calculations within 30 days of this order.

## V. CONCLUSION

For the reasons stated herein, the Court GRANTS Plaintiffs' Motion for Summary Judgment and AWARDS Plaintiffs damages of $28,837.49, consisting of $18,767.78 in unpaid contributions and $10,069.71 in interest and liquidated damages. The Court also AWARDS Plaintiffs attorneys' fees and costs, subject to the Court's review and approval of Plaintiffs' offer of proof.

IT IS SO ORDERED.

Dated: March 19, 2007

UNITED STATES DISTRICT JUDGE

-7-