United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY TOTTEN, JOSE MORENO, in their capacities as Trustees of the LABORERS HEALTH AND WELFARE TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS VACATION-HOLIDAY TRUST FUND FOR NORTHERN CALIFORNIA; LABORERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA; and LABORERS TRAINING AND RETRAINING TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>    Plaintiffs,<br><br>   v.<br><br>ALEX PEGUES, individually; ROGER PITCHER, individually; ALEX PEGUES and ROGER PITCHER, individually and dba C&C MAINTENANCE SERVICE and C&C MAINTENANCE SERVICE,<br><br>    Defendants. | No. C-05-4307-SC<br><br>ORDER REGARDING ATTORNEYS' FEES AND COSTS |

## I. INTRODUCTION

Plaintiffs Larry Totten et al. ("Plaintiffs") filed this action against Defendants Alex Pegues, both individually and dba C&C Maintenance Service ("Defendants")[1], alleging causes of action for violations of the Employee Retirement Security Act, 29 U.S.C. § 1001 et seq. ("ERISA").

In its Order granting Plaintiffs' Motion for Summary Judgment

---

[1] Plaintiffs dismissed Roger Pitcher as a defendant. See Docket Nos. 15 and 16.

("Summary Judgment Order"), the Court awarded Plaintiffs attorneys' fees and costs, subject to the Court's approval of Plaintiffs' offer of proof. See Docket No. 48. Having reviewed Plaintiffs' declaration, see Docket No. 51, the Court AWARDS Plaintiffs attorneys' fees of $29,159.94 and costs of $1,800.81.

## II. BACKGROUND

Plaintiffs sued Defendants Alex Pegues and C&C Maintenance Service to recover delinquent contributions to several Laborers Trust Funds. See First Amended Complaint, Docket No. 4. The relevant facts of the case have been described in previous orders, familiarity with which is presumed. For purposes of the instant order, the Court need only determine whether Plaintiffs' requested fees and costs are reasonable.

## III. DISCUSSION

In the Summary Judgment Order, the Court found that Defendants were bound by the Collective Bargaining Agreement covering the Laborers Trust Funds for Northern California listed in the case caption. Plaintiffs seek attorneys' fees and costs based on provisions of the Trust Agreements and ERISA. The Trust Agreements provide:

> If any individual employer defaults in the making of such contributions or payments and if the Board consults or causes to be consulted legal counsel with respect thereto, there shall be added to the obligation of the individual employer who is in default, reasonable attorneys fees, court costs and all other reasonable expenses incurred in connection with such suit or claim, including any and all appellate proceedings therein.

-2-

1  Hagan Decl., Ex. C, 11. Furthermore, Section 502(g)(2) of ERISA
2  mandates the award of attorneys fees:

> In an action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan-- . . . (D) reasonable attorney's fees and costs of the action, to be paid by the defendant . . . .

29 U.S.C. § 1132(g)(2). In this case, the Trust Funds are a fiduciary under ERISA and they are entitled to an award if the following requirements are met: "1) the employer must be delinquent at the time the action is filed; (2) the district court must enter a judgment against the employer; and (3) the plan must provide for such an award." Northwest Admin., Inc. v. Albertson's Inc., 104 F.3d 253, 257 (9th Cir. 1996). As discussed in the Summary Judgment Order, Defendant is delinquent in contributions, the Court entered judgment against Defendant, and the plan provided for such an award. See Docket No. 48, 49; Hagan Decl., Ex. C, 11.

The Court has reviewed the Lozano-Batista Declaration, Docket No. 51. The attorneys' fees incurred by Plaintiffs were reasonably and necessarily incurred in pursuit of their case against Defendants for failure to contribute to the various pension plans. The attorneys' hourly rate of $225 was reasonable in light of the attorneys' skill and experience. In addition, other Courts in this District have found $225 to be a reasonable hourly rate for attorneys who litigate ERISA cases in the Bay Area. See Board of Trustees of the Laborers Health and Welfare Trust Fund for Northern California, et al. v. Atoll Topui Island, Inc., 2007 WL 174409 (N.D. Cal. Jan. 22, 2007). Thus, Plaintiffs

-3-

are entitled to attorneys' fees in the amount of $29,159.94.

Plaintiffs also requested reimbursement for costs of $1,800.81, consisting primarily of service of documents for the case. These items are allowable under Civil Local Rule 54-3 and the Court finds them to be reasonable. Thus, Plaintiffs are entitled to costs in the amount of $1,800.81.

## V. CONCLUSION

For the reasons stated herein, the Court AWARDS Plaintiffs attorneys' fees of $29,159.94 and costs of $1,800.81.

IT IS SO ORDERED.

Dated: April 17, 2007

UNITED STATES DISTRICT JUDGE